1
**DAVIS WRIGHT TREMAINE LLP**
865 S. FIGUEROA ST.
SUITE 2400
2
LOS ANGELES, CALIFORNIA 90017-2566
TELEPHONE (213) 633-6800
3
FAX (213) 633-6899

4
JENNIFER L. BROCKETT (State Bar No. 193433)
jenniferbrockett@dwt.com
5

6
F. ROSS BOUNDY, *pro hac vice*
rossboundy @dwt.com
7
BENJAMIN J. BYER, *pro hac vice*
benbyer@dwt.com
8
DAVIS WRIGHT TREMAINE LLP
9
1201 Third Avenue, Suite 2200
Seattle, Washington 98101-3045
10
Telephone: (206) 622-3150
Fax: (206) 757-7700
11

12
Attorneys for Plaintiff
BLACK RAPID, INC.

13

14
UNITED STATES DISTRICT COURT

15
CENTRAL DISTRICT OF CALIFORNIA

16

17
BLACK RAPID, INC., a Washington corporation,

18
Plaintiff,

19
vs.

20

21
MILLIONWAY INTERNATIONAL, INC., a Texas corporation, and DOT LINE CORP., a California corporation,

22

23
Defendants.

Case No. **CV 13-01607 SJO(SPx).(rn)**
Assigned to the Hon. S. James Otero

**CONSENT JUDGMENT AND PERMANENT INJUNCTION AS TO DOT LINE CORP.**

24      This is an action for infringement of United States Patent No. 8,047,729 ("the

25  '729 Patent").  In a complaint filed with this Court on March 6, 2013, Plaintiff Black

26  Rapid, Inc. ("Black Rapid") alleged that the activities of Millionway and Defendant

27  Dot Line Corp. ("Dot Line") infringed the '729 patent.  Black Rapid sought both

28  injunctive relief and monetary damages.

1

Black Rapid and Dot Line have entered into a Stipulation for Entry of Judgment and Permanent Injunction, and have indicated below their consent to the form and entry of this Judgment and Permanent Injunction.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that, based on the evidence submitted to this Court, including the terms of the Stipulation for Entry of Judgment and Permanent Injunction ("Stipulation") between Black Rapid and Dot Line, judgment shall be entered as follows:

1.      This Court has jurisdiction over the Black Rapid and Dot Line and the subject matter of this action.  Venue in this judicial district is proper.

2.      Dot Line Corp. ("Dot Line") shall not contest Black Rapid's current or future allegations that Millionway's Carry Speed camera straps infringe the '729 patent, and that the '729 patent is valid and enforceable.

3.      Dot Line and its customers shall be permitted to sell or resell the less than 2,050 Carry Speed camera straps in its inventory as of March 28, 2013 and Dot Line is enjoined from any further sales of Carry Speed camera straps or infringement of the '729 patent.

4.      Dot Line, and Dot Line's officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with it, are hereby permanently enjoined from infringement of the '729 patent by making, importing, using, selling, and offering to sell products covered by at least one claim of the '729 patent, and by inducing others to use such products, in violation of 35 U.S.C. § 271, except as Paragraph 3 of this Judgment otherwise permits.

5.      Dot Line shall cooperate in good faith with Black Rapid in any further investigation of this matter to the extent reasonably so requested, including but not limited to responding to reasonable requests for information about Dot Line's inventory and purchase history of Carry Speed camera straps provided that such

cooperation does not interfere with the normal business operations of Dot Line or require that Dot Line incur any cost or expense with respect thereto.

6.     The terms of this Consent Judgment and Permanent Injunction shall be enforceable against and inure to the benefit of Dot Line and any persons working in concert with Dot Line and any retail outlet Dot Line and/or such persons may own or operate now or in the future, excluding Millionway.

7.     Dot Line shall waive all claims, with prejudice, that could have been asserted in this action against Black Rapid.  All claims asserted in this action by Black Rapid for monetary recovery from Dot Line are hereby dismissed with prejudice.  No damages shall be awarded at this time.  The entry of this consent judgment by the Court constitutes entry of final judgment as to all remaining claims asserted in this action by Black Rapid against Dot Line pursuant to Federal Rule of Civil Procedure 54(b).  Black Rapid and Dot Line will each bear their own costs and attorneys' fees incurred prior to entry of this Consent Judgment and Permanent Injunction.

8.     The Court shall retain jurisdiction to enforce this Consent Judgment and Permanent Injunction.  If Dot Line shall be alleged to have breached the terms of this Consent Judgment and Permanent Injunction, Black Rapid may pursue any and all non-monetary remedies it may have against Dot Line in addition to liquidated damages as set forth below.

9.     If Black Rapid determines that Dot Line has sold or otherwise transferred more than said 2,050 Carry Speed camera straps after March 28, 2013, then the terms hereof shall be null and void except that Dot Line shall remain permanently enjoined as set forth in Paragraph 4, and shall be liable for liquidated damages pursuant to terms of Paragraph 10.  In that event, Black Rapid may pursue any and all non-monetary remedies it may have against Dot Line, in addition to liquidated damages as set forth below and shall also be entitled to recover its reasonable attorneys' fees and costs for any further prosecution of this action.

10.    If damages are sustained as a result of a breach of this Consent Judgment and Permanent Injunction by Dot Line, said damages shall be fixed liquidated damages in the sum of (i) Black Rapid's reasonable attorneys' fees and $200.00 per day for failure to comply with this Court order regarding Dot Line's obligation to cooperate in good faith with Black Rapid's investigative efforts, should the Court subsequently find that Dot Line breached the obligation set forth in Paragraph 5 and that such penalty is warranted; provided, however, that if the Court finds that Dot Line did not breach such obligation and/or grants Dot Line a protective order with respect to part or all of Black Rapid's requested cooperation, Dot Line shall be entitled to recover its reasonable attorneys' fees; and (ii) with respect to Carry Speed camera straps sold by Dot Line after March 28, 2013, in breach of the stipulation, such as in excess of said 2,050 in inventory:  $0.00 for the first 25 instances (each instance related to a single camera strap unit) in which Black Rapid confirms that Dot Line has breached the Stipulation, with monetary damages for each subsequent instance as the greater of (i) all revenues Dot Line receives in the impermissible sale, including any refund, rebate, or credit Dot Lines receives and (ii) double the price Dot Line paid for each such unit.

///

///

///

///

///

11.   In the event that the parties agree that a breach of the Stipulation has occurred, or there is a final, nonappealable judgment or order by any court that Dot Line breached the Stipulation, then Dot Line shall be obligated to pay to Black Rapid liquidated damages in the amounts set forth above.

IT IS SO ORDERED.

DATED:  April 30, 2013

_____
UNITED STATES DISTRICT COURT JUDGE

APPROVED AS TO FORM:

April 29th, 2013.

Davis Wright Tremaine LLP                    Rosenthal & Marsh, LLP


By /s/ Jennifer L. Brockett_____       By _/s/ Richard M. Rosenthal_____
    Jennifer L. Brockett                              Richard M. Rosenthal
    F. Ross Boundy
    Benjamin J. Byer

Attorneys for Plaintiff Black Rapid, Inc.   Attorneys for Defendant Dot Line Corp.

[PROPOSED] JUDGMENT AND PERMANENT INJUNCTION
DWT 21822252v1 0083874-000111