1
**DAVIS WRIGHT TREMAINE LLP**
865 S. FIGUEROA ST.
2
SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
3
TELEPHONE (213) 633-6800
FAX (213) 633-6899
4

5
JENNIFER L. BROCKETT (State Bar No. 193433)
Email: jenniferbrockett@dwt.com
6

7
F. ROSS BOUNDY, *pro hac vice*
    rossboundy@dwt.com
8
BENJAMIN J. BYER, *pro hac vice*
    benbyer@dwt.com
9
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
10
Seattle, Washington 98101-3045
Telephone: (206) 622-3150
11
Fax: (206) 757-7700
12
Attorneys for Plaintiff
13
BLACK RAPID, INC.

14
UNITED STATES DISTRICT COURT

15
CENTRAL DISTRICT OF CALIFORNIA

16
BLACK RAPID, INC., a Washington corporation,

17

Case No. **CV 13-01607 SJO (SPx)**

18
                    Plaintiff,

**NOTICE OF MOTION AND MOTION FOR CONTEMPT AND SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

19
        vs.

20
MILLIONWAY INTERNATIONAL, INC., a Texas corporation, and DOT LINE CORP., a California corporation,

21

Date:    September 16, 2013
Time:    10:00 a.m.
Place:   Courtroom 1

22
                    Defendants.

23

24

25

26

27

28

MOTION FOR CONTEMPT AND SANCTIONS

DWT 22390008v9 0083874-000111

# TABLE OF CONTENTS

Page

I.      INTRODUCTION ................................................................... 3

II.     FACTUAL BACKGROUND.................................................... 4

        A.    Prior Proceedings.................................................. 4

        B.    The Present Suit.................................................... 4

        C.    The Court's Order and Permanent Injunction ..................... 5

        D.    Black Rapid's Attempts to Enforce the Injunction ............. 6

        E.    Millionway's New Website....................................... 7

        F.    Mr. Hsu's Direction of Millionway's Activities ................. 8

        G.    Millionway's and XP Photo's Attempts to Collaterally Attack the
              Injunction in the Southern District of Texas ....................... 9

III.    ARGUMENT ......................................................................... 10

        A.    This Court has Jurisdiction over Millionway, XP Photo, and Mr.
              Hsu ............................................................................. 11

        B.    Millionway Violated the Injunction by Continuing to Sell and
              Offer to Sell Its Infringing Carry Speed Camera Sling Products...... 12

        C.    Millionway Has Not Substantially Complied with the Injunction..... 14

        D.    Millionway Does Not Have a Good Faith and Reasonable Reason
              for Violating the Injunction ..................................... 15

        E.    Mr. Hsu Is in Contempt Because of His Continued Infringing
              Activities.................................................................... 18

        F.    XP Photo Is in Contempt Because It Is in Active Concert with
              Millionway.................................................................. 18

        G.    The Contempt Respondents Should Each Be Sanctioned for Their
              Violations of the Injunction................................... 19

IV.     CONCLUSION........................................................................ 22

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MOTION FOR CONTEMPT AND SANCTIONS

# TABLE OF AUTHORITIES

Page

**Cases**

*Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.*,
    154 F.3d 1345 (Fed. Cir. 1998).............................................................. 18

*Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.*,
    96 F.3d 1390 (Fed. Cir. 1996)................................................................ 18

*BIC Leisure Prods., Inc. v. Windsurfing Int'l, Inc.*,
    1 F.3d 1214 (Fed. Cir. 1993).................................................................. 16

*Fortel Corp. v. Phone-Mate, Inc.*,
    825 F.2d 1577 (Fed. Cir. 1987).............................................................. 16

*FTC v. Affordable Media, LLC*,
    179 F.3d 1228 (9th Cir. 1999) ............................................................... 11

*Gen. Ins. Co. of Am. v. E. Consol. Util., Inc.*,
    126 F.3d 215 (3d Cir. 1997)............................................................. 20, 21

*Gen. Signal Corp. v. Donallco, Inc.*,
    787 F.2d 1376 (9th Cir. 1986) ............................................................... 11

*In re Crystal Palace Gambling Hall, Inc.*,
    817 F.2d 1361 (9th Cir. 1987) ............................................................... 11

*In re Dual-Deck Video Cassette Recorder Antitrust Litig.*,
    10 F.3d 693 (9th Cir. 1993) ................................................................... 11

*Linear Tech. Corp. v. Micrel, Inc.*,
    524 F. Supp. 2d 1147 (N.D. Cal. 2005) ................................................ 16

*Morrison v. Mahoney*,
    399 F.3d 1042 (9th Cir. 2005) ............................................................... 16

*Perry v. O'Donnell*,
    759 F.2d 702 (9th Cir. 1985) ................................................................ 20

*Polymer Indus. Prods. Co. v. Bridgestone/Firestone, Inc.*,
    347 F.3d 935 (Fed. Cir. 2003)................................................................ 17

ii

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Reebok Int'l Ltd. v. McLaughlin*,
    49 F.3d 1387 (9th Cir. 1995) ........................................................... 11, 18, 19

*Ruckus Wireless, Inc. v. Harris Corp.*,
    2012 WL 588792, No. 11–cv–01944–LHK, (N.D. Cal. Feb. 22, 2012) .......... 17

*Shillitani v. United States*,
    384 U.S. 364 (1966) .......................................................................... 10

*Stone v. City & Cnty. of S.F.*,
    968 F.2d 850 (9th Cir. 1992) ............................................................. 11

*Therasense, Inc. v. Becton, Dickinson and Co.*,
    649 F.3d 1276 (Fed. Cir. 2011) .......................................................... 17

*United States v. United Mine Workers*,
    330 U.S. 258 (1947) .............................................................. 10, 19, 20

*Waffenschmidt v. MacKay*,
    763 F.2d 711 (5th Cir. 1985) ............................................................. 11

*Windsurfing Int'l, Inc. v. AMF, Inc.*,
    782 F.2d 995 (Fed. Cir. 1986) ........................................................... 16

**Statutes**

18 U.S.C. § 401 ...................................................................................... 11

35 U.S.C.
    § 102 ............................................................................................ 16
    § 120 ............................................................................................ 16
    § 132(a) ......................................................................................... 16
    § 305 ............................................................................................ 16

**Rules**

Fed. R. Civ. P. 4(h)(1)(b) ........................................................................ 15

Fed. R. Civ. P. 12(a)(1)(A) ........................................................................ 4

Fed. R. Civ. P. 65(d)(2) ...................................................................... 11, 18

Fed. R. Evid. 408(b) ................................................................................. 5

iii

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

DWT 22390008v9 0083874-000111

1

**Regulations**

2
37 C.F.R. § 1.56 ............................................................................................ 17

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION FOR CONTEMPT AND SANCTIONS

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 16, 2013 at 10:00 a.m. or as soon as counsel may be heard in the courtroom of the Honorable S. James Otero, located at 312 North Spring Street, Los Angeles, California, Black Rapid, Inc. ("Black Rapid") will and hereby does move the Court for an order of civil contempt and sanctions against Defendant Millionway International Inc. ("Millionway"), its purported president, Tim Hsu, and its sole U.S. distributor, XP Innovations, Inc. ("XP Photo") (collectively "Contempt Respondents").

Black Rapid seeks relief on the grounds that it provided the Contempt Respondents notice of the Court's injunction.  Despite this notice, the Contempt Respondents have continuously and willfully violated the injunction by selling and offering for sale infringing camera sling straps under the trade name "Carry Speed" on the websites of, presumably among others, Millionway, XP Photo, eBay, and Amazon.com.  Contempt Respondents have resisted every attempt Black Rapid has made to address their violation, including filing lawsuits in the Southern District of Texas seeking to enjoin Black Rapid from enforcing the injunction and falsely stating they have never infringed Black Rapid's patent, ignoring this Court's express findings otherwise.  Despite repeated notices of their obligations to comply with this Court's injunction, Contempt Respondents have demonstrated they have no intention of doing so.

Pursuant to Local Rule 7-3, on August 7, 2013 counsel for Black Rapid met and conferred with counsel for Contempt Respondents regarding this Motion.

This Motion is supported by this Notice of Motion and Motion for Contempt and Sanctions, the case file, the Declaration of Benjamin J. Byer, the Declaration of

///

///

///

1

MOTION FOR CONTEMPT AND SANCTIONS

1  Candice Whipple, and upon such other oral and documentary evidence as may be

2  presented at the time of the hearing of this Motion.

3

4

5  DATED: August 16, 2013          DAVIS WRIGHT TREMAINE LLP

6                                   JENNIFER L. BROCKETT
                                     F. ROSS BOUNDY
7                                    BENJAMIN J. BYER

8
                                     By: /s/ Jennifer L. Brockett
9                                          Jennifer L. Brockett

10                                   Attorneys for Plaintiff

11                                   BLACK RAPID, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

DWT 22390008v9 0083874-000111

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CONTEMPT AND SANCTIONS

## I.    INTRODUCTION

This Court should find Millionway, Tim Hsu, and XP Photo (collectively "Contempt Respondents") in contempt for willfully violating the Court's injunction. On June 10, 2013, the Court found that Millionway's "Carry Speed" camera sling straps infringed at least one claim of Black Rapid's patent and issued a permanent injunction enjoining Millionway, its agents, servants, employees and all persons acting under their permission and authority from continuing to sell those products. Black Rapid provided the Contempt Respondents with notice of the injunction. In response, Millionway ran a "Father's Day" sale to *increase* sales of the infringing products. When reputable third-parties refused to aid and abet the Contempt Respondents' continued infringing sales, the Contempt Respondents made every effort to circumvent any attempt to slow their infringement. In addition, Millionway and XP Photo both filed lawsuits against Black Rapid in the Southern District of Texas, claiming that enforcing the injunction constituted unfair competition and falsely telling the Texas District Court that Carry Speed has never infringed Black Rapid's patent and the injunction somehow does not apply to them.

The Contempt Respondents have demonstrated they will continue their unlawful conduct and abuse of the judicial system until the Court or the U.S. Marshal's Service intervenes. Despite Black Rapid's substantial investment in enforcing its rights through this lawsuit, it is left in no better position given the Contempt Respondents' open defiance of this Court's Order. Monetary damages are inadequate. The Contempt Respondents must finally answer to the Court for their actions.

3

MOTION FOR CONTEMPT AND SANCTIONS

DWT 22390008v9 0083874-000111

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## II.    FACTUAL BACKGROUND

### A.    Prior Proceedings

On January 8, 2013, Black Rapid filed suit in the Western District of Washington against Millionway International, Inc., Dot Line Corp., and Tim Hsu, alleging infringement of U.S. Patent No. 8,047,729 ("the '729 patent") through sales of Millionway's Carry Speed camera sling straps.  Byer Decl. at Ex. 1.  Dr. Benjamin Adler, counsel for Millionway, responded suggesting Millionway had not sold products in Washington and that Mr. Hsu was "neither a stockholder nor an officer in Millionway."  Byer Decl. at Ex. 2.  Shortly thereafter, the U.S. Patent and Trademark Office issued a reexamination certificate for the '729 patent, amending some claims, adding other claims, canceling some claims, and confirming the patentability of the remaining claims, in their original and amended form.  Byer Decl. at Ex. 3.

### B.    The Present Suit

To address the issues raised by Millionway, Black Rapid re-filed its complaint in this Court against Millionway and Dot Line (but not Mr. Hsu) and dismissed its Washington action before serving the complaint.  Dkt. 1.  Dot Line agreed the Carry Speed products infringed and stipulated to entry of an injunction against it.  Dkt. 26 at ¶¶ 2 and 4.  On March 6, 2013, Black Rapid sent Dr. Adler a courtesy copy of the Complaint. Dkt. 18 at 1.  On March 7, 2013, Dr. Adler responded to counsel for Black Rapid confirming receipt of the email and attachments.  *Id.*  Also on March 7, 2013, Black Rapid served Millionway a copy of the Complaint and Summons.  Dkt. 13.  As a result, Millionway's deadline to respond to the Complaint was March 28, 2013.  *See* Fed. R. Civ. P. 12(a)(1)(A).

Mr. Hsu contacted Black Rapid, representing himself to be the president of Millionway, and the parties discussed settlement but did not resolve the matter.

4

MOTION FOR CONTEMPT AND SANCTIONS

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  Whipple Decl. at Ex. 1.[1]  On April 2, 2013, counsel for Black Rapid wrote Dr. Adler,

2  stating that Millionway had failed to answer by the March 28 deadline and informing

3  him that Black Rapid intended to request entry of default on April 4, 2013.  Dkt. 18

4  at Ex. C.  On April 3, 2013, Dr. Adler responded to counsel for Black Rapid,

5  confirming his receipt of the email but stating that he no longer represented

6  Millionway.  Dkt. 18 at 2.  On April 3, 2013, counsel for Black Rapid forwarded Dr.

7  Adler's response to Millionway.  *Id.*  Nonetheless, Millionway failed to respond to

8  the Complaint.

## C.    The Court's Order and Permanent Injunction

10       After receiving no substantive response to its warnings, on April 5, 2013,

11  Black Rapid requested the Clerk enter default as to Millionway.  Dkt. 18.  On April

12  8, the Clerk did so.  Dkt. 19.  Although Millionway had ignored the lawsuit it had not

13  ignored the marketing of its infringing products.  Notably, after Black Rapid served

14  the Complaint in this matter, Millionway updated the news portion of its

15  carryspeed.com website to include numerous marketing entries, four of which it

16  posted after the Clerk entered default as to Millionway.  Dkt. 25-1 at Ex. A.  Because

17  it continued offering its infringing camera straps, on May 7, 2013, Black Rapid

18  requested the Court enter default judgment against Millionway.  Dkt. 25.

19       Black Rapid's motion for default judgment included a claim chart detailing

20  Millionway's infringement and expressly addressing Millionway's Camera Sling

21  product line, including products "such as the Carry Speed FS and CS Series Camera

22  Sling Straps."  Dkt. 25-1, Ex. B at 1.  As a result, the Court found Millionway "has

23  infringed at least one claim of the '729 Patent by manufacturing, importing, selling

24  and offering to sell camera straps under the name 'Carry Speed,' including but not

25  limited to the 'Carry Speed' line of products (collectively, 'Infringing Products')."

26  _____

27  [1] Black Rapid attaches a copy of the parties' settlement correspondence to show Mr.
    Hsu's role as Millionway's president and knowledge of the Complaint.  *See* Fed. R.

28  Evid. 408(b).

MOTION FOR CONTEMPT AND SANCTIONS

DWT 22390008v9 0083874-000111

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  Dkt. 29 at 1-2.  On June 6, 2013 the Court issued a permanent injunction (the

2  "Injunction") enjoining Millionway and its agents, servants, employees and all

3  persons acting under their permission and authority, from infringing the '729 patent.

4  Dkt. 30 at 1-2.  The Injunction prohibits these people and entities from making,

5  using, selling, offering to sell, or importing any infringing product, or from inducing

6  others to do the same.  *Id.*

### D.    Black Rapid's Attempts to Enforce the Injunction

7  On June 12, 2013, Black Rapid provided notice of the Injunction to

8  Millionway and XP Photo.  Byer Decl. at Exs. 4 & 5.  In response, Millionway ran a

9  "Father's Day" sale through June 16 to ***increase*** its sales of the infringing products.

10  Byer Decl. at Ex 6.  To prevent infringing sales, Black Rapid sent notice of the

11  Injunction to Shopify Inc. ("Shopify"), the company providing the software that

12  enables Millionway to make direct sales into the United States through its website.

13  Byer Decl. at Ex. 7.  On June 13 and June 20, Shopify responded to Black Rapid's

14  letter and removed the infringing products from Millionway's website.  Byer Decl. at

15  Ex. 8.  But in an effort to circumvent Shopify's efforts to comply with the Injunction,

16  Millionway created copies of the webpages Shopify disabled so they would

17  automatically appear back on Millionway's website.  *Id.*  For example, when Shopify

18  disabled the webpage titled "fs-pro-camera-sling-strap-with-f-1-foldable-mounting-

19  plate" Millionway created a copy, aptly titled "***copy-of***-fs-pro-camera-sling-strap"-f-

20  1-foldable-mounting-plate  *Id.* (emphasis added).  Similarly, when Shopify disabled

21  the webpage for its Carry Speed foldable mounting plate entitled "f-1-mounting-

22  plate," Millionway created a copy titled "f-1-foldable-mounting-plate."  *Id.*; *see also*

23  Byer Decl. at Ex. 9 ("Copy of Tuxedo Ballistic Nylon Shoulder Pad Sling Strap").  In

24  response, Black Rapid once again contacted Shopify and requested that it remove the

25  renamed webpages still selling the infringing products.  *Id.*

26  When Shopify took down the copied webpages, Millionway began selling its

27  infringing Carry Speed camera sling straps through eBay and Amazon.com.  For

28

6

MOTION FOR CONTEMPT AND SANCTIONS

DWT 22390008v9 0083874-000111

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

example, Millionway modified its website to directly link to a webpage on Amazon.com where customers in the United States could purchase the infringing products. Byer Decl. at Ex. 10. On June 21, 2013, Black Rapid sent Amazon.com notice of the Injunction and Millionway's use of Amazon.com to sell infringing products. *Id.* Amazon.com responded to Black Rapid on July 23, 2013, agreeing to remove the infringing listing. Byer Decl. at Ex. 11.

Similarly, Millionway began selling infringing products on eBay through its "Authorized USA Resell[er]." Byer Decl. at Ex. 12 & 16. As a result, on June 20, 2013, Black Rapid provided eBay notice of the Court's injunction and identified seven infringing products offered for sale on eBay's website by Millionway's authorized USA reseller. Byer Decl. at Ex. 12. But in its continued efforts to avoid complying with the Injunction, Millionway's registered agent, Ms. Hai Zhang, filed a counter notice with eBay and certified "under penalty of perjury that" the following products did not infringe Black Rapid's patent: (1) the "Carry Speed CS-Pro MKII Sling Strap," (2) the "Carry Speed FS-Slim Camera Sling Strap" (3) the "Carry Speed FS-Pro Camera Sling Strap", (4) the "Carry Speed F-1 Foldable Mounting Plate", and (5) the "Ball Head connector for Carry Speed Sling Strap." Whipple Decl., Ex. 2 at 3. On July 19, 2013, Black Rapid was once again forced to provide eBay with notice of this Court's Order and Injunction. Byer Decl. at Ex. 15.

### E.    Millionway's New Website

Millionway refused to be discouraged when reputable third-parties refused to aid and abet its continued violation of the Injunction. Instead, it launched a new website dedicated to its infringing Carry Speed camera sling product line: carryspeedstrap.com. Byer Decl. at Exs. 16-21. This website instructs purchasers on "where to buy" and describes XP Photo as its United States exclusive distributor. Millionway's new website also provides a link to XP Photo's website, www.xpphotogear.com. Byer Decl. at Ex. 22. When a user follows that link and

7

MOTION FOR CONTEMPT AND SANCTIONS

DWT 22390008v9 0083874-000111

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

arrives at XP Photo's website, XP Photo offers numerous infringing and enjoined products for sale.  Byer Decl. at Exs. 23-32.

### F.    Mr. Hsu's Direction of Millionway's Activities

Although Mr. Hsu has long presented himself as the president and figurehead of Millionway, in an effort to evade the Court's authority, Millionway has continuously attempted to conceal his role.  For example, when counsel for Millionway responded by letter to Black Rapid's Washington complaint, he insisted "Mr. Hsu is neither a stockholder nor an officer in Millionway International, Inc." Byer Decl. at Ex. 2.  In reliance on this statement, Black Rapid dismissed its Washington lawsuit and re-filed in this Court, not naming Mr. Hsu as a party. Shortly thereafter, Mr. Hsu continued his settlement discussion with Black Rapid where he described himself as the President.  Whipple Decl. at Ex. 1.  Black Rapid therefore provided Mr. Hsu a courtesy copy of the Request to Enter Default (Dkt. 18) it filed in this matter.  Mr. Hsu responded by stating "I am not a shareholder or an officer in Millionway International, Inc.  Hence, I do not know why you believe that these documents relate to me."  Byer Decl. at Ex. 33.  Nonetheless, on June 12, 2013, Black Rapid provided notice of the Court's injunction to Mr. Hsu.  Byer Decl. at Ex. 34.

In further contradiction to Mr. Hsu's statements, Millionway's complaint pending before the Southern District of Texas states that Mr. Hsu is "a key employee of Millionway."  Byer Decl., Ex. 35 at ¶ 21 (citing to Black Rapid's letter to Mr. Hsu).  Yet during a meet and confer prior to filing this motion, counsel for Millionway, XP Photo, and Mr. Hsu, insisted Mr. Hsu was no longer an employee of Millionway.  Byer Decl. at ¶ 52.

Mr. Hsu is the face of Millionway at trade shows.  Whipple Decl. at ¶ 5; Byer Decl. at Exs. 36-39.  He describes himself as the "President" of Millionway. Whipple Decl. at Ex. 1.  He is Millionway's spokesman for media interviews.  Byer Decl. at Exs. 36 and 39.  He answers questions and facilitates product reviews.  Byer

MOTION FOR CONTEMPT AND SANCTIONS

DWT 22390008v9 0083874-000111

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1 Decl.at Exs. 36, 39 - 41.  He is one of only four employees at Carry Speed, the others

2 being two secretaries and a loading dock worker.  Byer Decl., Ex. 41 at 4.  Mr. Hsu

3 describes himself as an employee of Carry Speed on his LinkedIn profile.  Byer Decl.

4 at Ex. 42.  Further, Millionway describes him in its trade show registration as the

5 sales manager for Millionway.  Byer Decl. at Ex. 43.  As the president, figure head,

6 and individual managing the sales of Millionway's infringing camera sling straps,

7 Mr. Hsu has willfully directed and controlled Millionway's violation of the

8 Injunction.

9         **G.**    **Millionway's and XP Photo's Attempts to Collaterally Attack the
10 Injunction in the Southern District of Texas**

11      In response to Black Rapid's efforts to enforce the Injunction, Millionway and

12 XP Photo filed lawsuits in the United States District Court for the Southern District

13 of Texas alleging that providing notice of the Injunction constitutes common law

14 unfair competition and tortious interference, and that the Southern District of Texas

15 should declare the '729 patent invalid and unenforceable.  Byer Decl. at Ex. 35 at ¶

16 28 and Ex. 44 at ¶ 24.[2]  Despite having been enjoined from selling its infringing

17 camera straps, Millionway and XP Photo allege they remain in direct competition

18 with Black Rapid for their sales of camera straps.  Byer Decl., Ex. 35 at ¶ 9.

19 Millionway and XP Photo argue that because Black Rapid filed suit in this Court,

20 "[a]pparently, Black Rapid hates Houston as much as it hates Millionway."  Byer

21 Decl., Ex. 35 at ¶ 13.

22      Both Millionway and XP Photo accuse Black Rapid of failing to provide this

23 Court the necessary information to move for a default judgment.  Byer Decl., Ex. 35

24 at ¶ 14.  For example, Millionway and XP Photo allege that "Black Rapid failed to

25 inform the District Judge in CDCA: [a.] that Millionway has intervening rights. . .

26

27         [2] Black Rapid will be filing motions to dismiss these complaints as bared by
28 res judicata and, on the merits, for failing to state a plausible claim for relief.

MOTION FOR CONTEMPT AND SANCTIONS

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

DWT 22390008v9 0083874-000111

1  and [b.] that Black Rapid had deceived the Patent Office by" failing to disclose
2  Millionway's activities.  *Id.*  Neither Millionway nor XP Photo allege that
3  Millionway's activities qualify as prior art or why those activities have any bearing
4  on the patentability of the '729 patent.  Millionway and XP Photo also allege that
5  "Black Rapid continued its misinformation to the District Judge in CDCA by
6  presenting an infringement analysis of the amended claim 15 of the '729 Patent using
7  a claim construction" with which Millionway disagrees.  Byer Decl., Ex. 35 at ¶ 15.
8  Neither Millionway nor XP Photo discloses to the Southern District of Texas why
9  Millionway failed to answer Black Rapid's complaint in this Court or that this Court
10  found that Millionway's Carry Speed products infringed.  Instead, Millionway and
11  XP Photo incorrectly state that "Black Rapid did not ask the District Court in CDCA
12  to determine that . . . any claim was being infringed."  Byer Decl., Ex. 35 at ¶16.

13         Further, in direct contradiction to this Court's findings and injunction,
14  Millionway falsely states:

15                 Millionway in the past and in the present has never
16                 infringed any of the claims of the '729 patent so that a
17                 permanent injunction prohibiting infringing products would
18                 not impact Millionway.

19  Byer Decl., Ex. 35  at ¶ 18.

20         These suits demonstrate that Millionway and XP Photo believe this Court's
21  findings and injunction do not apply to them, and they can continue their infringing
22  activities unabated.

23                            **III.   ARGUMENT**

24         "There can be no question that courts have inherent power to enforce
25  compliance with their lawful orders through civil contempt."  *Shillitani v. United*
26  *States*, 384 U.S. 364, 370 (1966) (citing *United States v. United Mine Workers*, 330
27  U.S. 258, 330-32 (1947)).  "Congress has determined that the power to hold a party
28  in contempt is a discretionary power vested in the court whose order has been

                                            10

1    violated." *In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1364 (9th Cir.

2    1987); *see also* 18 U.S.C. § 401.

3         Civil contempt sanctions serve two purposes: "to coerce obedience to a court

4    order, or to compensate the party pursuing the contempt action for injuries resulting

5    from the contemptuous behavior." *Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d

6    1376, 1380 (9th Cir. 1986).  The movant has the burden of showing "'(1) that . . .

7    [Contempt Respondents] violated the court order, (2) beyond substantial compliance,

8    (3) not based on a good faith and reasonable interpretation of the order, (4) by clear

9    and convincing evidence.'" *In re Dual-Deck Video Cassette Recorder Antitrust*

10   *Litig.*, 10 F.3d 693, 695 (9th Cir. 1993).  "'The burden then shifts to [Contempt

11   Respondents] to demonstrate why they were unable to comply.'" *FTC v. Affordable*

12   *Media, LLC*, 179 F.3d 1228, 1239 (9th Cir. 1999) (citing *Stone v. City & Cnty. of*

13   *S.F.*, 968 F.2d 850, 856 n.9 (9th Cir. 1992)).  Contempt Respondents "must show

14   they took every reasonable step to comply." *Stone*, 968 F.2d at 856 n.9.

15        **A.    This Court has Jurisdiction over Millionway, XP Photo, and Mr.**

16            **Hsu**

17        An injunction binds not only the parties to an action, but also their "officers,

18   agents, servants, employees, and attorneys; and . . . persons who are in active concert

19   or participation with [them]" who receive actual notice of the court's order. Fed. R.

20   Civ. P. 65(d)(2).  In the Ninth Circuit, "the 'essential contact' giving rise to personal

21   jurisdiction" in a case where a non-party assists an enjoined party in violating an

22   injunction is the assistance in violating the injunction itself.  *Reebok Int'l Ltd. v.*

23   *McLaughlin*, 49 F.3d 1387, 1391 (9th Cir. 1995).  The Fifth Circuit has held that

24   "[w]hen [respondents] knowingly participated in [defendant's] scheme ... they

25   equally knowingly subjected themselves to the jurisdiction of that court."

26   *Waffenschmidt v. MacKay*, 763 F.2d 711, 717 (5th Cir. 1985).  The Ninth Circuit

27   agreed, noting that a knowing violation of an injunction creates the requisite

28   foreseeability of litigating in that forum.  *Reebok*, 49 F.3d at 1391.

MOTION FOR CONTEMPT AND SANCTIONS

DWT 22390008v9 0083874-000111

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**B.    Millionway Violated the Injunction by Continuing to Sell and Offer to Sell Its Infringing Carry Speed Camera Sling Products**

The Court found Millionway "has infringed at least one claim of the '729 Patent by manufacturing, importing, selling and offering to sell camera straps under the name 'Carry Speed,' including but not limited to the 'Carry Speed' line of products (collectively, 'Infringing Products')."  Dkt. 29 at 1-2.  The Injunction enjoined Millionway and its agents, servants, employees and all persons acting under their permission and authority, from infringing the '729 patent.  Dkt. 30 at 1-2.

On June 12, 2013, Black Rapid provided notice of the Court's Injunction to Millionway.  Byer Decl. at Ex. B.  Since then, Black Rapid observed numerous offers for sale of the infringing Carry Speed camera sling straps.  The following table provides a sample of the infringing products Black Rapid observed the Contempt Respondents selling and offering to sell in violation of the injunction:

| Carry Speed Product | Website | Date Observed | Byer Decl. (unless otherwise noted) |
|---|---|---|---|
| F-1 Mounting Plate | carryspeed.com | 6/14/2013 | Ex. 46 |
| FS-PRO Camera Sling Strap with Foldable Mounting Plate | carryspeed.com | 6/14/2013 | Ex. 46 |
| FS-SLIM Camera Sling Strap with F-1 Foldable Mounting Plate | carryspeed.com | 6/14/2013 | Ex. 46 |
| Ball Head connector for Carry Speed Sling Strap | ebay.com | 6/18/2013 6/20/2013 | Ex. 13 & Whipple Decl. Ex. 2 |
| CS-Pro MKII Sling Strap | ebay.com | 6/20/2013 | Ex. 12 & Whipple Decl. Ex. 2 |
| FS-Slim Camera Sling Strap | ebay.com | 6/20/2013 | Ex. 12 & Whipple Decl. Ex. 2 |

MOTION FOR CONTEMPT AND SANCTIONS

DWT 22390008v9 0083874-000111

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

| Carry Speed Product | Website | Date Observed | Byer Decl. (unless otherwise noted) |
|---|---|---|---|
| FS-Pro Camera Sling Strap | ebay.com | 6/20/2013 | Ex. 12 & Whipple Decl. Ex. 2 |
| F-1 Foldable Mounting Plate | ebay.com | 6/20/2013 | Ex. 12 & Whipple Decl. Ex. 2 |
| F1- Mounting Plate | shopify.com | 6/20/2013 | Ex. 47 |
| FS Pro-Camera Sling Strap | Amazon.com | 6/21/2013 | Ex. 10 |
| CS-1 MK II Camera Sling Strap | Amazon.com | 6/21/2013 | Ex. 10 |
| F1 Folding Mounting Plate | Amazon.com | 6/21/2013 | Ex. 10 |
| CS-Slim Camera Sling Strap | Amazon.com | 6/21/2013 | Ex. 10 |
| C-3 Mounting Plate with Ball Head Locknut | Amazon.com | 6/21/2013 | Ex. 10 |
| CS-3 Camera Sling Strap System with Mounting Plate | Amazon.com | 6/21/2013 | Ex. 10 |
| C-4 Mounting Plate with Ball Head Locknut | Amazon.com | 6/21/2013 | Ex. 10 |
| F1-Foldable Mounting Plate | carryspeed.com | 6/24/2013 | Ex. 9 |
| FS-2 Tuxedo Sling Strap | carryspeed.com | 6/24/2013 | Ex. 9 |
| FS-Pro Sling Strap | carryspeed.com | 6/24/2013 | Exs. 9 & 14 |
| FS-Slim Sling Strap | carryspeed.com | 6/24/2013 | Ex. 9 |
| FS-Pro Camera Sling Strap | shopify.com | 6/24/2013 | Ex. 48 |
| Extreme Red Strap | carryspeed.com | 8/8/2013 | Ex. 16 |
| Extreme Black Strap | carryspeed.com | 8/8/2013 | Ex. 16 |
| FS-2 Camo Sling Strap | carryspeed.com | 8/8/2013 | Ex. 17 |
| FS-2 Black Sling Strap | carryspeed.com | 8/8/2013 | Ex. 17 |
| Fusion Sling Strap | carryspeed.com | 8/8/2013 | Ex. 18 |
| Tuxedo Sling Strap | carryspeed.com | 8/8/2013 | Ex. 19 |
| FS-Pro Sling Strap | carryspeed.com | 8/8/2013 | Ex. 20 |
| FS-Slim Sling Strap | carryspeed.com | 8/8/2013 | Ex. 21 |
| Extreme Sports Black Strap | xpphotogear.com | 8/8/2013 | Ex. 26 |
| FS-2 Black Sling Strap | xpphotogear.com | 8/8/2013 | Ex. 28 |
| FS-2 Fusion Sling Strap | xpphotogear.com | 8/8/2013 | Ex. 29 |
| FS-2 Tuxedo Sling Strap | xpphotogear.com | 8/8/2013 | Ex. 30 |
| FS-Pro Sling Strap | xpphotogear.com | 8/8/2013 | Ex. 31 |
| F-1 Mounting Plate | xpphotogear.com | 8/14/2013 | Ex. 23 |

MOTION FOR CONTEMPT AND SANCTIONS

DWT 22390008v9 0083874-000111

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

| Carry Speed Product | Website | Date Observed | Byer Decl. (unless otherwise noted) |
|---|---|---|---|
| Double MKII Sling Strap | xpphotogear.com | 8/14/2013 | Ex. 24 |
| Extreme Sports Red Strap | xpphotogear.com | 8/14/2013 | Ex. 25 |
| FS-2 Camo Sling Strap | xpphotogear.com | 8/14/2013 | Ex. 27 |
| FS-Slim Sling Strap | xpphotogear.com | 8/14/2013 | Ex. 45 |

## C.    Millionway Has Not Substantially Complied with the Injunction

Millionway has never complied with the Injunction despite Black Rapid affording it every opportunity to do so by providing repeated notice of its continued infringement the order.  After Shopify, its website host and ecommerce provider, removed the infringing products from Millionway's website, it attempted to circumvent the removal by renaming the webpages for the infringing products.  Byer Decl., Ex. 8 at 1-2.  Millionway has also turned to third party retailers, including XP Photo, eBay, and Amazon, to continue to sell the infringing products.  Byer Decl. at Exs. 10, 12 & 22.  In response, Millionway certified under penalty of perjury to eBay[3], and both Millionway and XP Photo have stated to the Southern District of Texas, Byer Decl., Ex. 35 at ¶ 18 & Ex. 44 at ¶ 17, that Millionway's products do not infringe—*in direct contradiction to this Court's findings*.  *Cf*. Dkt. 29 at 1-2 (Millionway "has infringed at least one claim of the '729 Patent by manufacturing, importing, selling and offering to sell camera straps under the name 'Carry Speed,'. . . .").  Black Rapid has been forced to monitor Contempt Respondents' website and third-party websites to play a game of "whack a mole" with the Contempt Respondents that will only continue without the Court's intervention.

---

[3] Whipple Decl., Ex. 2 at 3.

MOTION FOR CONTEMPT AND SANCTIONS

DWT 22390008v9 0083874-000111

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

### D.    Millionway Does Not Have a Good Faith and Reasonable Reason for Violating the Injunction

The Court's findings are clear:  Millionway "has infringed at least one claim of the '729 Patent by manufacturing, importing, selling and offering to sell camera straps under the name 'Carry Speed,' including but not limited to the 'Carry Speed' line of products (collectively, 'Infringing Products')."  Dkt. 29 at 1-2.  The Injunction is equally clear: Millionway and its agents, servants, employees and all persons acting under their permission and authority, are enjoined from infringing the '729 patent.  Dkt. 30 at 1-2.  Millionway had repeated notice of both.  *see* Byer Decl. at Exs. 4, 8, 34 and 35.  Yet it continues to sell and offer to sell "camera straps under the name 'Carry Speed'" in direct defiance of the Injunction.

On June 13, 2013, ***after*** the Injunction went into effect, counsel for Millionway, David Fink, first contacted counsel for Black Rapid to discuss this lawsuit.  Byer Decl., Ex. 49 at 1-2.  Mr. Fink listed numerous bases for an alleged motion for reconsideration of the Injunction.  All fail to establish a good faith and reasonable basis for violating the injunction.

First, Millionway argued that Black Rapid's service of process was fatally defective because a copy of the Summons was not "a signed, embossed original from the Clerk."  *Id.*  This argument fails because Fed. R. Civ. P. 4(h)(1)(b) expressly allows for service of a copy.  Dkt. 13.

Second, Millionway asserted Black Rapid failed to comply with local rules as to service of other documents.  Byer Decl., Ex. 49 at 2.  Nonetheless, during a meet and confer Mr. Fink failed to identify any problems with service or dispute that Millionway had full knowledge of Black Rapid's request for default and Motion for Default Judgment.  Byer Decl. at ¶ 53.

Third, Millionway argued that Black Rapid's infringement claims ignore Millionway's alleged intervening rights.  Byer Decl., Ex. 49 at 2.  Millionway, however, has long since waived this argument.  Intervening rights is an affirmative

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

defense. *Fortel Corp. v. Phone-Mate, Inc.*, 825 F.2d 1577, 1580 (Fed. Cir. 1987) (intervening rights is an affirmative defense); *Linear Tech. Corp. v. Micrel, Inc.*, 524 F. Supp. 2d 1147, 1156 (N.D. Cal. 2005) (same). Like all affirmative defenses, Millionway waived this defense when it elected to ignore Black Rapid's Complaint while the clerk entered default and the Court entered default judgment. *See Morrison v. Mahoney*, 399 F.3d 1042, 1046 (9th Cir. 2005) (defenses not raised in a responsive pleading are deemed waived); *see also Windsurfing Int'l, Inc. v. AMF, Inc.*, 782 F.2d 995 (Fed. Cir. 1986) (affirmative defense of inequitable conduct waived when not raised at trial). But even if Millionway had not waived this defense, it would only apply to specific units existing prior to issuance of the reexamination certificate. *BIC Leisure Prods., Inc. v. Windsurfing Int'l, Inc.*, 1 F.3d 1214, 1220 (Fed. Cir. 1993). Millionway's alleged intervening rights would not provide a limitless license to continue manufacturing and selling infringing camera sling straps. *Id.*

Fourth, Millionway argued the '729 patent was invalid and unenforceable because Black Rapid failed to disclose to the Patent Office that Millionway had sold its Carry Speed products prior to the issuance of the reexamination certificate. Byer Decl., Ex. 49 at 2. Millionway appears to believe that its products somehow became material prior art because the Patent Office reexamined the '729 patent. This argument confuses the reexamination certificate's **issue date** for the underlying application's **effective filing date**. The Patent Act measures priority based on a patent's "effective filing date" not its issue date. *See* 35 U.S.C. § 102. Priority of reexamined claims is no different than that of the original application. *See* 35 U.S.C. § 120. The '729 patent has an effective filing date of April 17, 2007.[4] *See* Byer

---

[4] Although the reexamined claims are entitled to the priority date of the provisional application, the latest possible effective filing date would be the filing of the actual application because during a reexamination "[n]o amendment shall introduce new matter into the disclosure of the invention." 35 U.S.C. § 132(a) and § 305. Thus, the latest possible priority date of the '729 patent is December 9, 2010, long before Millionway alleges it sold its Carry Speed camera straps.

16

1   Decl., Ex. 50 at 1.  Millionway does not, and cannot, allege that those products were

2   on the market prior to April 17, 2007.  Millionway's sales were thus immaterial to

3   patentability and Black Rapid was under no obligation to disclose Millionway's

4   activities to the Patent Office.  37 C.F.R. § 1.56 (duty of candor limited to

5   information material to patentability); s*ee Therasense, Inc. v. Becton, Dickinson and*

6   *Co.*, 649 F.3d 1276, 1291 (Fed. Cir. 2011) (To establish materiality, a defendant must

7   show the Patent Office would not have allowed the claim "but for" the nondisclosure

8   or misrepresentation.).  But in any case, invalidity and unenforceability were

9   compulsory counterclaims that Millionway waived by failing to answer.  *See Ruckus*

10  *Wireless, Inc. v. Harris Corp.*, No. 11–CV–01944–LHK, 2012 WL 588792, at *3

11  (N.D. Cal. Feb. 22, 2012) ("district courts routinely hold that declaratory judgment

12  claims for invalidity, unenforceability, and noninfringement are compulsory

13  counterclaims to claims of infringement of the same patent"); *see Polymer Indus.*

14  *Prods. Co. v. Bridgestone/Firestone, Inc.*, 347 F.3d 935, 938 (Fed. Cir. 2003) ("a

15  party that does not assert its compulsory counterclaim in the first proceeding has

16  waived its right to bring the counterclaim and is forever barred from asserting that

17  claim in future litigation").

18      Fifth, Millionway disputed the claim construction it alleges was inherent in

19  Black Rapid's infringement analysis.  Byer Decl., Ex. 49 at 2.  Non-infringement is

20  an affirmative defense Millionway waived when it failed to answer Black Rapid's

21  complaint, and it cannot rely on it to violate the Injunction.  *See Ruckus Wireless*,

22  2012 WL 588792; *see Polymer Indus. Prods.*, 347 F.3d at 938.

23      Despite its numerous after-the-fact arguments related to the merits of Black

24  Rapid's claim, Millionway failed to provide any explanation for flatly ignoring this

25  lawsuit and the Court's injunction.  As a result, Millionway does not have a good

26  faith and reasonable reason for violating the Injunction.

27

28

MOTION FOR CONTEMPT AND SANCTIONS

DWT 22390008v9 0083874-000111

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

### E.    Mr. Hsu Is in Contempt Because of His Continued Infringing Activities

A party's officers, agents, servants, and employees are bound by an order and injunction and may be held in contempt if they receive actual notice. Fed. R. Civ. P. 65(d)(2); *Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.*, 96 F.3d 1390, 1394-95 (Fed. Cir. 1996). The Court has personal jurisdiction over Mr. Hsu because "the 'essential contact' giving rise to personal jurisdiction" is Mr. Hsu's assistance in violating the injunction. *See Reebok*, 49 F.3d at 1391. On June 12, 2013, Black Rapid provided notice of the Court's injunction to Mr. Hsu. Byer Decl. at Ex. 34. Mr. Hsu is the face of Millionway at trade shows and its spokesman for media interviews. Whipple Decl. at ¶ 5; Byer Decl. at Exs. 36-39. As the president, figure head, and individual managing the sales of Millionway's infringing camera sling straps, Mr. Hsu has willfully directed and controlled Millionway's violation of the Injunction. Byer Decl., Ex. 35 at ¶ 21; Exs. 41-43. The Court should therefore find him in contempt and issue the sanctions described below to deter him from continuing his willful disobedience of the Injunction.

### F.    XP Photo Is in Contempt Because It Is in Active Concert with Millionway

Non-parties who act in active concert with an enjoined party to assist in violating the injunction may also be held in contempt. Fed. R. Civ. P. 65(d)(2); *Additive Controls*, 96 F.3d at 1394-95. For "active concert" type liability, non-parties may be found in contempt if they "act with an enjoined party to bring about a result forbidden by the injunction" and if they "are aware of the injunction and know that their acts violate the injunction." *Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.*, 154 F.3d 1345, 1353 (Fed. Cir. 1998).

On June 12, 2013, Black Rapid provided notice of the Court's injunction to XP Photo. Byer Decl. at Ex. 5. In its letter Black Rapid attached screenshots of a webpage from XP Photo's website that depicted the infringing products for sale. *Id.* Millionway now describes XP Photo as its sole U.S. distributor and instructs

18

MOTION FOR CONTEMPT AND SANCTIONS

DWT 22390008v9 0083874-000111

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

customers that XP Photo is "where to buy" the infringing Carry Speed camera sling straps.  Byer Decl. at Ex. 22.  XP Photo's website offers numerous Carry Speed camera sling straps and infringing accessories, including: (1) the Carry Speed F-1 Mounting Plate; (2) the Carry Speed Double MKII Sling Strap; (3) the Carry Speed Extreme Sports Red Strap; (4) the Carry Speed Extreme Sports Black Strap; (5) the Carry Speed FS-2 Camo Sling Strap; (6) the Carry Speed FS-2 Black Sling Strap; (7) the Carry Speed FS-2 Fusion Sling Strap; (8) the Carry Speed FS-2 Tuxedo Sling Strap; (9) the Carry Speed FS-Pro Sling Strap; and (10) the Carry Speed FS-Slim Sling Strap.  Byer Decl. at Exs. 23-31.  These products are subject to the Injunction because the Court found that Millionway "has infringed at least one claim of the '729 Patent by manufacturing, importing, selling and offering to sell camera straps under the name 'Carry Speed,' including but not limited to the 'Carry Speed' line of products (collectively, 'Infringing Products')."  Dkt. 29 at 1-2.  Because "the 'essential contact' giving rise to personal jurisdiction" is XP Photo's assistance in violating the injunction, this Court has personal jurisdiction over XP Photo.  *See Reebok*, 49 F.3d at 1391.  As the allegedly sole U.S. distributor in active concert with Millionway, the Court should find XP Photo in contempt and issue the sanctions described below to deter it from continuing its willful disobedience of the Injunction.

### G.    The Contempt Respondents Should Each Be Sanctioned for Their Violations of the Injunction

"Judicial sanctions in civil contempt proceedings may, in a proper case, be employed for either or both of two purposes: to coerce the [party] into compliance with the court's order, and to compensate the complainant for losses sustained." *United States v. United Mine Workers*, 330 U.S. 258, 303-304 (1947).  When the court uses contempt to coerce a party's compliance, the court "must then consider the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result

MOTION FOR CONTEMPT AND SANCTIONS

DWT 22390008v9 0083874-000111

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  desired." *Id.* at 304.  The court should also consider the amount of the party's

2  resources and the consequent seriousness of the burden to that particular party.  *Id.*

3    The Contempt Respondents have repeatedly demonstrated an absolute

4  disregard for the Court's Order and Injunction.  For example, in direct contradiction

5  to the Court's findings that Millionway's Carry Speed camera sling straps infringe

6  the '729 patent, Millionway and XP Photo filed lawsuits in the Southern District of

7  Texas alleging that "Millionway in the past and in the present has never infringed

8  any of the claims of the '729 Patent."  Byer Decl., Ex. 35 at ¶ 18 and Ex. 44 at ¶ 17.

9  As a result, they allege that the "permanent injunction prohibiting infringing products

10  would not impact on [sic] Millionway."  *Id.*  The Contempt Respondents past history

11  of infringement and their current Texas lawsuits demonstrate they have no intention

12  of complying with the Injunction.

13    Contempt Respondents should be ordered to come personally to California to

14  deliver for inspection and destruction any and all infringing Carry Speed camera

15  sling straps and infringing accessories and bring with them all purchase orders, sales

16  invoices, accounting records and shipping receipts (related to both importation into

17  the United States and shipments to customers) for the past twelve months.

18    Contempt Respondents should further be required to pay a significant

19  monitory sanction to Black Rapid, not merely to compensate it for the harm they

20  have caused but to demonstrate to the Contempt Respondents that non-compliance

21  with a Court order cannot simply be a small cost of doing business.  Black Rapid

22  respectfully submits that each Contempt Respondent should be required to pay (i)

23  $500 per day, beginning on the date they had notice of the Injunction and running

24  until it demonstrates full compliance with the Injunction, and (ii) its reasonable

25  attorneys' fees and costs associated with enforcing the Injunction.  *Perry v.*

26  *O'Donnell*, 759 F.2d 702, 704-05 (9th Cir. 1985) (in fashioning civil contempt

27  sanctions, the court has the discretion to award reasonable fees and costs as a

28  remedial measure, regardless of whether the party in contempt acted wilfully); *Gen.*

20

1  *Ins. Co. of Am. v. E. Consol. Util., Inc.*, 126 F.3d 215, 220 (3d Cir. 1997) (upholding

2  monetary sanction of expenses and attorney's fees for non-party's failure to appear at

3  a deposition).

4       The "character and magnitude of the harm threatened" demonstrate this

5  sanction is proper.  The Contempt Respondents' conduct continues to cause the

6  hardships detailed in Black Rapid's Motion to Enter Default Judgment (dkt. 25-2 at

7  ¶¶ 8-10) and the Order Granting that motion (dkt. 29 at 8).  Notably, the customers

8  that purchase Millionway's infringing products are customers that would have

9  instead bought Black Rapid's patented products.  Dkt. 25-2 at ¶ 7.  The Contempt

10  Respondents admit this and in Texas allege Millionway and Black Rapid are still in

11  direct competition selling camera straps.  Byer Decl., Ex. 35 at ¶ 9.  Black Rapid has

12  invested significant time and resources to research, develop, and market the

13  inventions of the '729 Patent.  Dkt. 25-2 at ¶ 9.  Allowing the Contempt Respondents

14  to continue to sell infringing camera straps hinders Black Rapid's ability to recoup its

15  investment.  *Id*.  Moreover, the market for camera straps is a tempting and lucrative

16  one, especially for those looking to take advantage of the efforts and expenditures of

17  innovators like Black Rapid.  *Id*. at ¶ 10.  If the Contempt Respondents' infringement

18  goes unchecked, other would-be infringers will be encouraged to enter the market,

19  and Black Rapid will be further irreparably harmed.  *Id*.  Based on the Contempt

20  Respondents conduct and the ongoing damage to Black Rapid, $500 per day is a

21  conservative and reasonable figure needed to compel them to comply with the

22  Injunction.

23       In addition, the Court should also authorize and direct the United States

24  Marshal for this Judicial District and any other federal, state, county or local law

25  enforcement officers, assisted by one or more attorneys and agents of Black Rapid to

26  seize, impound, and deliver to Black Rapid or its representatives any and all

27  unauthorized Carry Speed camera sling camera straps and infringing products it may

28  later import into the United States.

21

MOTION FOR CONTEMPT AND SANCTIONS

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1    Finally, the Court should order the Contempt Respondents to appear for a

2  supplemental proceeding 30 days from the date of any Order to address their

3  compliance or failure to comply.

4                      **IV.    CONCLUSION**

5        For the reasons stated above, Black Rapid respectfully requests the Court grant

6  Black Rapid's motion for contempt and sanctions.

7

8  DATED: August 16, 2013                DAVIS WRIGHT TREMAINE LLP

9                                        JENNIFER L. BROCKETT
                                         F. ROSS BOUNDY
10                                       BENJAMIN J. BYER

11

12

13                                       By: /s/ Jennifer L. Brockett

14                                            Jennifer L. Brockett
                                         Attorneys for Plaintiff
15                                       BLACK RAPID, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION FOR CONTEMPT AND SANCTIONS

DWT 22390008v9 0083874-000111

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899