David Fink (admitted *pro hac vice*)
Fink & Johnson
7519 Apache Plume
Houston, TX 77071
Tel. (713) 729-4991
Fax: (713) 729-4951
email: texascowboy6@gmail.com

Jason M. Adams, Esq.
State Bar No. 217067
Domine Adams
26500 W. Agoura Road, Suite 212
Calabasas, CA 91302
Tel. (818) 880-9214
Fax: (818) 975-9214
email: jadams@domineadams.com

Attorneys for Defendant
Millionway International, Inc.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLACK RAPID, INC., a Washington Corporation.<br><br>               Plaintiff,<br><br>V.<br><br>MILLIONWAY INTERNATIONAL, INC. ET AL.<br><br>               Defendants. | Case No. 13-CV-01607 SJO<br><br>Assigned to Hon. S. James Otero<br><br>**DEFENDANT MILLIONWAY INTERNATIONAL, INC.'S OPPOSITION**<br><br>**TO PLAINTIFF'S SECOND FEE REQUEST BASED ON MOTION FOR CONTEMPT AND SANCTIONS** |

      Defendant Millionway International, Inc. ("Millionway") respectfully submits this Opposition on behalf of itself and XP Photo to the Second Fee Request of Plaintiff Black Rapid, Inc. ("Black Rapid") based on Black Rapid's Motion for Contempt and Sanctions.

**DEFENDANT MILLIONWAY INTERNATIONAL, INC.'S OPPOSITION TO PLAINTIFF'S SECOND FEE REQUEST BASED ON MOTION FOR CONTEMPT AND SANCTIONS**
**BLACK RAPID V. MILLIONWAY ET AL.**
**CASE NO. 13-CV-1607 SJO**

Page 1 of 10

## GENERAL BACKGROUND

The Court granted Black Rapid's Motion for Contempt and Sanctions in an Order dated September 24, 2013 ("Order"), and stated in the Order that Millionway and XP Photo shall pay Plaintiff reasonable attorneys' fees and costs for the enforcing of the Injunction. The Court ordered Black Rapid to file a fee request within ten days from the date of the Order. Subsequently, the Court granted Millonway until October 18, 2013 to file an Opposition Brief to the Fee Request from Black Rapid.

Black Rapid filed its First Fee Request and Millionway filed its Opposition on October 18, 2013. Millionway raised many objections, and Black Rapid filed a timely Reply Brief basically taking the position that Millionway had not met its obligation to prove that the fee request was unreasonable.

Subsequently, the Court decided that Black Rapid had not met its burden and denied the First Fee Request without prejudice. The Court cited several relevant cases, and later established a schedule for submissions by the parties. Thereafter, Black Rapid filed its Second Fee Request.

## LEGAL BACKGROUND

The Court Ordered a permanent injunction ("Injunction") on June 10, 2013 based on a default by Millionway and relied on a single Infringement Contention (infringement chart) for the U.S. Patent No. 8,047,729 ('729 Patent") for a **single product**, CS-PRO MKII, sold by Millionway. See Doc. 25-1. The Court, however, was misled by Black Rapid describe this single product Infringement Contention as being for two products, "FS and CS strap models". See the Order, page 2, first full paragraph. The Supreme Court requires that each and every element of a product be found in a patent claim to establish infringement. Thus, products not actually shown as infringing cannot be assumed to be infringing. See *Warner-Jenkinson Co., v. Hilton Davis Corp.*, 117 S. Ct. 1040 requiring a party to perform or use each and every step or

**DEFENDANT MILLIONWAY INTERNATIONAL, INC.'S OPPOSITION TO PLAINTIFF'S SECOND FEE REQUEST BASED ON MOTION FOR CONTEMPT AND SANCTIONS
BLACK RAPID V. MILLIONWAY ET AL.
CASE NO. 13-CV-1607 SJO**

Page 2 of 10

element of a claimed method or product.  Thus, Black Rapid has provided an infringement contention for one product only, and there is no basis to assume that any other product infringes the '729 Patent without a showing that there are identical components in the two products.  No such comparison has been provided by Black Rapid.

Based on the Supreme Court holding, if there is any patent infringement in violation of the Order dated June 10, 2013, then it is limited to only the CS-PRO MKII.  This leaves the question of infringement of any other product unanswered until the Order stating that Millionway was precluded from demanding infringement contentions; however, this turns out to be based on a mistaken representation of the law by Black Rapid.

Even if one allowed the hint of infringement asserted against the two specifically identified FS and CS strap models of Millionway, Black Rapid arbitrarily extends the Injunction to go far beyond these products.  Attention is respectfully drawn to Black Rapid Doc. 35, pp. 18-19, wherein Black Rapid states:

> The following table provides a sample of the infringing products Black Rapid observed the Contempt Respondents selling and offering in violation of the injunction: (See p. 18, just before the Table)

The Court's attention is respectfully drawn to the entries of asserted "infringing products" including "F-1 Mounting Plate" (A plate is not a strap.), "FS-SLIM Camera Sling Strap with F-1 Foldable Mounting Plate" (Different product), "Ball Head connector for Carry Speed Sling Strap" (A ball head is not a strap.), "CS-Slim Camera Sling Strap (Different product)", "Extreme Red Strap" (Different product), "FS-2 Camo Sling Strap" (Different product), "FS-2 Black Sling Strap" (Different product), "Extreme Sports Black Strap" (Different product), "FS-2 Tuxedo Sling Strap" (Different Product), and "Double MKII Sling Strap" (Different product).

**DEFENDANT MILLIONWAY INTERNATIONAL, INC.'S OPPOSITION TO PLAINTIFF'S SECOND FEE REQUEST BASED ON MOTION FOR CONTEMPT AND SANCTIONS**
**BLACK RAPID V. MILLIONWAY ET AL.**
**CASE NO. 13-CV-1607 SJO**

Page 3 of  10

The Order, at page 5, relied on that table based on representations made by Black Rapid. No infringement of the products named above from the Table has ever been shown by Black Rapid, and obviously cannot possibly be shown for products such as the plate and the ball head. Moreover, none of these products above were identified in the Complaint so even assuming the Complaint is true; there is still no basis to assume infringement. See Doc. 1.

Hence, Black Rapid is endeavoring to enforce the Injunction far beyond it scope and Black Rapid is asking the Court to pay its costs for misapplying the Injunction. That is, Black Rapid has worked hard to put Millionway out of business by asserting the Injunction against **any** product of Millionway being sold.

It is respectfully pointed out that Millionway argued in its Opposition to the Motion for Contempt and Sanctions that Black Rapid failed to provide infringement charts. Black Rapid subsequently misled the Court to believe that the issue of infringement cannot be disputed by Millionway under Fed. R. Civ. P. 13 which states that compulsory counterclaims arise in pleadings from the same transaction or occurrence as the underlining claim. See the Order at page 6. Black Rapid, however, failed to point out to the Court that Fed. R. Civ. P. 13 only applies to pleadings, and there was no Answer in this case. Hence, Rule 13 does not apply to this case, and there is no compulsory counterclaim.

The absence of any infringement contentions in the Motion for Contempt and Sanctions by Black Rapid are huge omissions undermining the Motion and certainly a barrier to sanctions for attorney fees and costs.

The Court relies on *In re Dual-Deck Video Cassette Recorder* for requiring Millionway to show clear and convincing evidence that it did not intentionally violate the Order. The fact that Black Rapid was enforcing the Order against products never shown to be infringing the '729 Patent and obviously not infringing such as a plate and a ball joint shows serious misuse of the

**DEFENDANT MILLIONWAY INTERNATIONAL, INC.'S OPPOSITION TO PLAINTIFF'S SECOND FEE REQUEST BASED ON MOTION FOR CONTEMPT AND SANCTIONS**
**BLACK RAPID V. MILLIONWAY ET AL.**
**CASE NO. 13-CV-1607 SJO**

Page 4 of 10

Injunction. But, Black Rapid made matters worst.

## BLACK RAPID HAS REFUSED TO PROVE THE WIDESPREAD INFRINGEMENT IT HAS ASSERTED

Black Rapid failed to take reasonable steps to mitigate damages by failing to acknowledge or respond to repeated requests to show why products infringe the '729 Patent. The letter dated August 12, 2013 asked for specific information as to what Millionway products are infringing the '729 Patent and the infringement analysis along with other serious issues. See Ex. A. The letter at page 1, paragraph 3, also points out that numerous requests have been made and ignored:

> You have repeatedly asserted that the Court Injunction prohibits the importation, offer for sale and selling of products infringing the reexamined U.S. Patent No. 8,047,729 ("'729 Patent"). I have asked you many times to produce your basis for alleging patent infringement of each product and finally after the fifth request, you referred me to the analysis you presented to the Court for claim 15 for a single Millonway product. See Ex. 3.

If Black Rapid is unable or unwilling to provide infringement contentions of products it tells the Court are infringing, Black Rapid should not be rewarded for abusing the Injunction.

By failing to show the Court and Millionway infringement charts of the multitude of products alleged to be infringing the '729 Patent, Black Rapid has proven that it has no genuine basis for claiming a violation of the Order, and is clearly not entitled to attorneys' fees and costs.

## BLACK RAPID HAS IGNORED A KEY CASE CITED BY THE COURT

The Court cited *Jordan* as to the issue of "reasonable" attorneys' fees. *Jordan* at fn4 presents twelve factors to be considered in calculating a reasonable attorneys' fee. Factor (6) states, "whether the fee is fixed or contingent". Thus, the retainer agreement between Black Rapid and its attorneys is relevant. If Black Rapid had a special rate for the attorneys less that

**DEFENDANT MILLIONWAY INTERNATIONAL, INC.'S OPPOSITION TO PLAINTIFF'S SECOND FEE REQUEST BASED ON MOTION FOR CONTEMPT AND SANCTIONS**
**BLACK RAPID V. MILLIONWAY ET AL.**
**CASE NO. 13-CV-1607 SJO**

Page 5 of 10

1  what is being demanded now, then awarding the demanded amount would not be consistent with
2  the Order stating, "Millionway and XP Photo shall pay to Plaintiff reasonable attorneys' fees and
3  costs in enforcing the Injunction".  The Second Fee Request could be demanding unjustified
4  enriched fees. Thus, the fee arrangement is necessary to determine compliance with the Order as
5  to the actual costs.  Black Rapid may argue that the retainer agreement is attorney privilege, but it
6  would be unfair to Millionway to have Black Rapid withhold an essential document.
7  Furthermore, this is not a new issue and Black Rapid should be foreclosed from submitting that
8  document at this late date.

9  It is respectfully pointed out that Black Rapid has had three opportunities to provide this
10 information.  Thus, it is not a new issue, but it remains ignored by Black Rapid.  The 9th Circuit
11 has indicated that attorney fees are recoverable to **compensate** a party for the costs and expenses
12 incurred in connection with a successful motion for contempt.  See *Koninklijke Phillips Elecs.*
13 *N.V. KXD Tech., Inc.*, 539 F. 3d 1039, 1042-43.  Thus, Black Rapid has failed to comply with the
14 Rule of Law, and should not be paid any compensation.

15 In addition, the proposed Order, Doc. 46-2, asks the Court to compel Millionway to "pay
16 reasonable attorneys' fees and costs incurred by Black Rapid".  No documents submitted by
17 Black Rapid establishes that any fees and costs were actually incurred by Black Rapid even
18 though the billing goes back to July 2013.  It appears that Black Rapid may have had a "special
19 deal" with its attorneys and paid a much lower amount that being requested now, or nothing at
20 all.

## CONCLUSION

22 Millionway has shown a multitude of reasons why the Fee Request fails to be reasonable
23 as required by the Court Order.

**DEFENDANT MILLIONWAY INTERNATIONAL, INC.'S OPPOSITION TO PLAINTIFF'S SECOND FEE REQUEST BASED ON MOTION FOR CONTEMPT AND SANCTIONS**
**BLACK RAPID V. MILLIONWAY ET AL.**
**CASE NO. 13-CV-1607 SJO**

Page 6 of  10

1. Black Rapid never provided an infringement contention for any other product than the CS-PRO MKII.
2. Black Rapid has accused many products such as a plate and bearing ring of violating the Injunction.
3. Black Rapid had many opportunities to show Millionway why its other products might be infringing the '729 Patent, but Black Rapid was unable to show Millionway or the Court.
4. Black Rapid at best might be compensated for the costs of enforcing the single product shown in its infringement contention in Doc. 25-1.
5. If Black Rapid is entitled to compensation, it should be based on the actually incurred fees and costs paid, but that information has been withheld, despite being pointed out in the Opposition to the First Fee Request. Doc. 49.
6. Black Rapid should not be rewarded for failing to mitigate damages by withholding infringement contentions for additional products despite a multitude of requests.

**DEFENDANT MILLIONWAY INTERNATIONAL, INC.'S OPPOSITION TO PLAINTIFF'S SECOND FEE REQUEST BASED ON MOTION FOR CONTEMPT AND SANCTIONS**
**BLACK RAPID V. MILLIONWAY ET AL.**
**CASE NO. 13-CV-1607 SJO**

Page 7 of 10

1    Therefore, it is respectfully submitted that in fairness to Millionway and XP Photo, the
2    Second Fee Request should be denied. It is hoped that the Court might want to reconsider the
3    issues in the case on its own.

6    Date: December 2, 2013                    /S/ David Fink
                                                David Fink
7                                               Attorney for Millonway International, Inc.

**DEFENDANT MILLIONWAY INTERNATIONAL, INC.'S OPPOSITION TO PLAINTIFF'S SECOND FEE REQUEST BASED ON MOTION FOR CONTEMPT AND SANCTIONS**
**BLACK RAPID V. MILLIONWAY ET AL.**
**CASE NO. 13-CV-1607 SJO**

Page 8 of  10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

**DEFENDANT MILLIONWAY INTERNATIONAL, INC.'S OPPOSITION TO PLAINTIFF'S SECOND FEE REQUEST BASED ON MOTION FOR CONTEMPT AND SANCTIONS**
**BLACK RAPID V. MILLIONWAY ET AL.**
**CASE NO. 13-CV-1607 SJO**

Page 9 of 10

**DAVID FINK**
**FINK & JOHNSON**
ATTORNEYS AND COUNSELORS AT LAW
7519 APACHE PLUME
HOUSTON, TX 77071

Telephone (713) 729-4991
Fax (713) 729-4951
e-mail: texascowboy6@gmail.com

**DAVID FINK (NY and CT only)**

August 12, 2013

Benjamin J. Byer, Esq.
David Wright Tremain
1201 Third Avenue
Seattle, WA 98101

        Re:    Black Rapid, Inc. v. Millionway Int., Inc.
                U.S. District Court, CDCA
                Case No. 13-CV-01607 SJO

Dear Mr. Byer:

      You have repeatedly threatened my clients, Millionway International, Inc. ("Millionway") and XP Innovations Inc. ("XP") as well as me personally.

      I had hoped that by this time you have had an opportunity to read the Complaints filed by my clients against Black Rapid, Inc. in which the issues of validity, infringement, and inequitable conduct were briefly identified. Despite learning first hand of the issues, Black Rapid, Inc. has continued its vicious campaign against Millionway.

      You have repeatedly asserted that the Court Injunction prohibits the importation, offer for sale and selling of products infringing the reexamined U.S. Patent No. 8,047,729 ("'729 Patent"). I have not disagreed. You also assert that all Carry Speed camera sling products infringe the '729 Patent. I have asked you many times to produce your basis for alleging patent infringement of each products and finally after the fifth request, you referred me to the analysis you presented to the Court for claim 15 for a single Millionway product. As you know, the alleged infringement analysis is seriously flawed and fails to address the initial issues of claim construction, validity, and enforceability.

      I welcome the opportunity to address the '729 Patent and your conduct as well as the failed responsibility of Black Rapid, Inc. All of these serious issues are compounded by your copying my client "to ensure it (my email) was received". You actually think that the District Judge will find this reasonable. I will be making a Motion in the cases in the Southern District of Texas to inhibit you from continuing this unethical conduct because you and your colleagues do not appear to understand that it violates the Code of Professional Conduct.

Benjamin J. Byer
August 12, 2013
Page 2

Whether the case is argued in the Central District of California on your Motion, or the case proceeds in the Southern District of Texas, I intend to show the Court at least the following:

A. Black Rapid, Inc. has admitted that at least claim 15 of the '729 Patent is invalid because claim 15 was asserted as being infringed by a prior art Millionway product. Hence, the alleged infringement analysis submitted to the Court is completely wrong and Black Rapid, Inc. knew it.

B. Black Rapid, Inc. through its attorney have engaged in inequitable conduct before the U.S. Patent Office, thereby invalidating the '729 Patent, according to the CAFC.

C. Black Rapid, Inc. through its attorneys deceived the Court by presenting a fake infringement analysis.

D. Black Rapid, Inc. through its attorneys have perpetrated a public deception to harm Millionway and XP as well as their customers, not to mention the public in general.

This list is not intended to be limiting. Other issues may be raised, and some issues may be raised based on additional facts obtained through discovery.

### I. INVALIDITY OF THE '729 PATENT

While the reexamination of the '729 Patent was pending, Black Rapid, Inc. sued Milionway for patent infringement (*Black Rapid, Inc. v. Millionway International, Inc. et al.*, Case 2:13-CV-00036 MJP in the Western District of Washington) on **January 8, 2013**. The reexamined application was not issued until **March 8, 2013**. Subsequently, Black Rapid, Inc. sued again and identified what it called a typical infringing product, namely the Millionway CS-PRO MKII in Exhibit B (Court Document 25-1) of the Motion for Default Judgment in the Central District of California (Case No. 13-CV-01607). The figure shown for the Millionway product was from the Carry Speed web site and shown at page 7 of Exhibit B has a symbol in the lower right hand corner declaring that the product was a Platinum Winner for 2012.

Thus, the product shown in Exhibit B, according to Black Rapid, Inc. shows all of the elements of at least one claim of the '729 Patent **before** the reexamined patent issued, and that product was on sale publicly prior to the filing for reexamination, and while the reexamination was pending. All of these facts were known to Black Rapid, Inc. because the relevant industry is relatively small. Black Rapid, Inc. and Millionway present products at many of the same Shows during the year, and of course, Black Rapid, Inc. could not even wait until the reexamination was over to sue Millionway.

Benjamin J. Byer
August 12, 2013
Page 3

### II. INEQUITABLE CONDUCT

Equitable conduct has been considered a serious issue from its inception by the Judiciary, and initially, the Patent Office identified it as "fraud on the Patent Office", but this was regarded as stigmatizing the prosecuting attorney and the patent owner. Although the name changed, inequitable conduct remains serious and it appears to be viewed as a fraud. The Court of Appeals for the Federal Circuit, recently lowered the standard for establishing inequitable conduct, and the CAFC stressed that inequitable conduct is a very serious issue. See *Abbott Diabetes Inc. v. Becton*, 649 F. 3d 276. The CAFC stated:

> Perhaps most importantly, the remedy for inequitable conduct is the 'atomic bomb' of patent law. Unlike validity defenses, which are claim specific, inequitable conduct regarding any **single** claims renders the **entire patent unenforceable**. (emphasis added)

There can be no doubt. Black Rapid, Inc. had a duty of candor before the U.S. Patent and Trademark Office under 37 CFR 1.56:

> Each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office, which includes a duty to disclose to the Office all information known to that individual to be **material** to patentability as defined in this section. (emphasis added)

Black Rapid, Inc. cannot reasonably argue that a prior art product of Millonway it thought was infringing the reexamined claims while the reexamination application was pending was not material to patentability of the reexamination of the patent. Hence, the '729 Patent is invalid. That is, all of the patent claims are unenforceable, and at least the attorneys for Black Rapid, Inc. knew this.

### III. FAKE CLAIM INFRINGEMENT ANALYSIS

As you know, any infringement analysis must start with the meaning of claim terms. The meaning of claim terms is from the point of view of a person with ordinary skill in the art at the time of the invention: First look at the specification and drawings, consider the file history if there is a question, and then look at extrinsic evidence for possible clarification. See, e.g. *Phillips v. AWH Corp.*, 415 F. 3d 1303 (Fed. Cir. 2005); also *Abbott Labs. v. Sandoz, Inc.* 566 F. 3d (Fed. Cir. 2008).

Benjamin J. Byer
August 12, 2013
Page 4

    The infringement analysis submitted to the Court in the Exhibit B failed to provide any reasonable claim construction based on the file history, or even extrinsic evidence. Instead, Exhibit B arbitrarily selected portions of the Millionway product and labeled them as elements of the claim 15, thereby misleading the Court into believing the Court that an "infringement analysis" had been submitted, but it was a fake analysis.

    There is a fundamental issue with the meaning of the terms "coupler", "first coupler portion" and "second coupler portion" in the reexamined claim 15, and the reliance of the infringement analysis in Exhibit B on these terms. During the reexamination, the construction of those terms was argued by Black Rapid, Inc. to overcome a rejection based on a prior art reference, thereby limiting the scope of the terms.

    The terms, "coupler", "first coupler portion" and "second coupler portion" have no inherent meanings outside the '729 Patent so it is necessary to see what the inventors meant those terms to mean by looking at the specification and drawings. In each of the Figs. 5, 10, 11, and 13, the specification identifies numeral 300 as the "coupler", numeral 301a (the **threaded screw**) as the "**first coupler portion**", and numeral 301b (the portion through which the camera strap is attached) as the "second coupler portion".

    During the prosecution of the reexamination of the Claim 15, Black Rapid, Inc. argued to overcome a rejection based on a cited prior art reference:

> "Claim 15 additionally recites that the first coupler portion is a rigid member and has a **first attachment portion** removably attached to the engagement portion of the camera ..."
> See the Amendment filed on May 7, 2012, page 50. (emphasis added)

    Thus, the "first coupler portion" is the **threaded screw** which attaches directly to the camera. The sudden change of name by the attorney from "first coupler portion" to "first attachment portion" is strange, but it is obvious that these are two names for the same element of the claim 15.

    In contrast, Exhibit B at page 10 of Document 25-1 on file in the Court states:

> The first coupler portion (**ball head, mounting plate, and bolt**) of the Millionway Camera Slings includes a bolt having threads that are sized to be coupled with the engagement portion (threaded tripod socket) of a camera. (emphasis added)

Benjamin J. Byer
August 12, 2013
Page 5


Thus, Black Rapid, Inc. has redefined "first coupler portion" to include Millionway innovations, rather than use a claim construction properly based on the '729 Patent and the file history.

The Court relied on the integrity of the attorneys, and was misled to believe that the patent was valid, and infringed.

### IV.   DAMAGES

The same type of deception by Black Rapid, Inc. perpetrated on the Patent Office and the Court is being used against Millionway.

### CONCLUSION

Millionway will be asking for lost profits; compensation for damage to its reputation; punitive damages to discourage such vile activities; and attorney fees and expenses.

Very truly yours,

*David Fink*

David Fink

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was served via CM/ECF on December 2, 2013 to all counsel of record

Date: December 2, 2013                    By /s/ David Fink
                                              David Fink

DEFENDANT MILLIONWAY INTERNATIONAL, INC.'S OPPOSITION TO PLAINTIFF'S SECOND FEE REQUEST BASED ON MOTION FOR CONTEMPT AND SANCTIONS
BLACK RAPID V. MILLIONWAY ET AL.
CASE NO. 13-CV-1607 SJO

Page 10 of 10